### THE MARCUS HOOK.

#### (District Court, S. D. New York. March 3, 1904.)

1. SALVAGE — AMOUNT OF AWARD — SERVICES RENDERED INSIDE DELAWARE BREAKWATER.

> A salvage award of $600 made to two tugs for timely and meritorious services rendered in towing to a place of safety a barge which had been anchored inside the old Delaware Breakwater, but was dragging her anchor and drifting toward the cape; the barge and cargo being of the value of $30,000 to $35,000, and the service lasting only about an hour.

In Admiralty. Suit to recover salvage.

Robinson, Biddle & Ward, for libellant.

Wing, Putnam & Burlingham, for claimant.

ADAMS, District Judge. This action was brought by Frank L. Neall, owner, as trustee, of the steamtugs Juno and Sommers N. Smith, against the barge Marcus Hook and her cargo of oil, for salvage services rendered on the 16th of September, 1903, in the Delaware Breakwater. The barge was towed there by the tug Ivanhoe from Philadelphia, en route to New York, and anchored inside of the Old Breakwater. The answer alleges:

> "Third. The claimant admits that at about 4 A. M. of September 16th, 1903, while the barge was lying at anchor in the Old Delaware Breakwater, a hurricane of unusual force arose, being at first from E N E and later shifting to W N W with an ebb tide; that at first the barge began drifting toward the

---

¶ 1. Salvage awards in federal courts, see note to The Lamington, 30 C. C. A. 280.

shore, but subsequently about 7:30 A. M., her anchor again failing to hold her, she began to draw slowly seawards heading out between the point of Cape Henlopen and the end of the Old Breakwater; that the barge was without motive power and her captain hoisted a signal of distress to which the tug Juno responded; that the Juno's hawser was made fast and about 8 A. M. the Juno began towing the barge back to the place where she had originally been anchored, but before she had reached there, the tug Ivanhoe, which had towed the barge to the Breakwater and was lying there, came alongside, took the barge away from the Juno and anchored her in a place of safety near the Stone Pile."

This is accepted by the libellant as a correct statement, so far as it goes, of the occurrence, excepting that part which avers that the barge was heading out between the point of Cape Henlopen and the end of the Old Breakwater. In this respect, the testimony indicates that the libellant's contention that the barge would eventually have gone ashore on the cape, if nothing had interfered to prevent, is correct.

It is admitted that some salvage is due but it is contended that $250 will be ample remuneration as the service was of a low order and it did not amount to much more than towage. The libellant, on the other hand, asks for an award of the full amount of the bond, which is $5,000.

The testimony shows that the services were timely and meritorious but of short duration, probably not exceeding an hour on the part of the tugs, and not attended with any serious peril until the Ivanhoe attempted to take the barge away from the salvors, in doing which she created some danger to the Juno, by pulling the barge in a different direction from that she was being towed by the Juno, so that the latter was obliged to cut her hawser to avoid the risk of being overturned. The danger, however, was averted by such act and it would not have been incurred, if the Juno had not been too assiduous in holding on to what she deemed her prize. She might have resigned it in the beginning of the Ivanhoe's attempt, without prejudice to the salvage claim. There was very little damage to the hawser.

The services consisted of the Juno's making fast to the barge and towing her from an impending danger of drifting on the shore, while the Smith stood by to aid, if it should become necessary. The danger to the barge, however, was not as great as the libellant seeks to make out. The anchor was still holding to some extent and the barge was drifting very gradually when the Juno reached her. The Ivanhoe was slow in getting her anchor up, probably on account of the severe weather, but doubtless would have overtaken the barge before she actually touched the ground, which was a half to three fourths of a mile distant when the Juno arrested the drift and the barge was still at some distance from the shore when the Ivanhoe started to her aid. It would only have required a few minutes for the latter to have reached the barge.

The barge was worth between $20,000 and $25,000 and the cargo was worth about $11,000. The Juno was an old but serviceable tug and worth about $8,000.

I consider that an award of $600 will be ample to meet the requirements of the case. A decree for that amount may be entered.